IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 5:13-CV-00233-BO

JAMES PRESTON DAVIS, )
)
    Plaintiff, )
)
v. )
) **ORDER**
RONALD MATROO, CHARLES McGINLEY, )
BRIAN GREENE, CITY OF RALEIGH, )
RALEIGH POLICE DEPARTMENT, and JOHN )
AND JANE DOE, )
)
    Defendants. )

This matter is before the Court on defendant Raleigh Police Department's motion to dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(2) and 12(b)(6). [DE 12]; defendants Ronald Matroo and B.S. Beausoleil's motion to dismiss pursuant to FRCP 12(b)(1) and 12(b)(6) [DE 18]; and defendants City of Raleigh, retired Police Chief Harry Dolan, and Officers Matroo and Beausoleil in their official capacities' motion to dismiss pursuant to FRCP 12(b)(5) and 12(b)(6) [DE 20]. The motions are ripe for adjudication. For the reasons stated herein, the defendants' motions to dismiss are GRANTED.

## BACKGROUND

Plaintiff complains of events arising out of his arrest for driving while impaired which occurred on December 28, 2009 in Raleigh, North Carolina. The City of Raleigh and the Raleigh Police Department ("RPD") are named as defendants in the caption of the complaint, along with three individuals including Ronald Matroo. The complaint also names Jane and John Doe as defendants. B. S. Beausoleil is not listed as a defendant in the caption of the complaint. He is

referred to, generally, in paragraph 6 of the complaint but is not specifically referred to anywhere else in the complaint. Officer Matroo is referred to, generally, in paragraph 5 of the complaint but is not specifically referred to anywhere else in the complaint.

Plaintiff asserts that he was involved in a single car accident on December 28, 2009. He alleges that defendants suspected him of driving while impaired and obtained a search warrant for the drawing of plaintiff's blood. Plaintiff asserts he was presented with the warrant at the hospital and indicated that he wanted his attorney to review the warrant. Plaintiff alleges that at this time, defendants grabbed his arm, forcefully twisted it behind his back and placed him in a chokehold.

Plaintiff filed this action in Wake County Superior Court claiming damages under 42 U.S.C. §1983 (2012) and State tort theories arising out of the execution of a search warrant on December 28, 2009. On April 2, 2013, the defendants removed the case to this Court. RPD filed a motion to dismiss on April 3, 2013. Officers Matroo and B.S. Beausoleil, in their individual capacities, filed a motion to dismiss on May 9, 2013. City of Raleigh, retired Police Chief Harry Dolan, and Officers Matroo and Beausoleil, in their official capacities, filed a motion to dismiss on May 10, 2013.

## DISCUSSION

I. LEGAL STANDARDS.

Defendants challenge this Court's subject matter jurisdiction pursuant to Federal Rule of Civil procedure 12(b)(1). Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When the 12(b)(1) motion attacks the complaint as failing to state facts upon which

subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a 12(b)(6) motion. *Adams*, 697 F.2d at 1219.

Chief Dolan moves to dismiss pursuant to FRCP 12(b)(5). Rule 12(b)(5) governs motions to dismiss for insufficient service of process. When service of process is challenged, the plaintiff bears the burden of establishing proper process and service thereof. *See Plant Genetic Systems, N.V., v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant. *Gorman v. Ameritrade holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002). Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate. *Dimet Proprietary, Ltd. v. Indus. Metal Protectives*, 109 F. Supp. 472, 475 (D.Del. 1952).

Defendants have also moved to dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

Having outlined the relevant legal standards governing the pending motion, the Court now turns to defendant's arguments in support of their motion to dismiss.

II. RALEIGH POLICE DEPARTMENT'S MOTION TO DISMISS.

Defendant argues that plaintiff's claims against the RPD should be dismissed because RDP is a component part of the City of Raleigh and is not capable of being sued individually. Federal courts look to the law of the State in which the district court sits to determine the capacity of a governmental body. FED. R. CIV. P.17(b)(3) (2012); *Avery v. Burke Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981). Absent specific statutory authority, only persons in being may be sued in North Carolina. *McPherson v. First Citizens Nat'l Bank*, 81 S.E.2d 386, 397 (N.C. 1954). A police department is not a person in being in this State and no statute authorizes a suit against a police department. *London v. Hamilton*, 1996 WL 942865 at *8 (W.D.N.C. Nov. 27, 1996). In fact, the North Carolina Court of Appeals has previously held that RPD is not an entity capable of being sued. *See Coleman v. Cooper*, 366 S.E.2d 2, 5 *review denied*, 371 S.E.2d 275 (N.C. App. 1988), *overruled in part by Meyer v. Walls*, 489 S.E.2d 880 (N.C. 1997). Indeed, this Court has previously dismissed an action against RPD because it is a component part of the City and, as such, lacks the capacity to be sued. *Meyer v. City of Raleigh*, No. 5:99-CV-324-BO(3).

4

The RPD is not an entity capable of being sued, thus this Court lacks personal jurisdiction over RPD. The complaint fails to state a claim upon which relief can be granted. Accordingly, defendant RPD's motion to dismiss is granted.

### III. OFFICERS MATROO AND BEAUSOLEIL'S MOTION TO DISMISS.

Defendants Matroo and Beausoleil move in their individual capacities to dismiss all individual capacity claims against them pursuant to FRCP 12(b)(1) and 12(b)(6). The North Carolina Supreme Court has made clear that "when the complaint does not specify the capacity in which a public official is being sued for actions taken in the course and scope of his employment, we will presume that the public official is being sued only in his official capacity." *White v. Trew*, 736 S.e.2d 166, 169 (N.C. 2013). A pleading should clearly state the capacity in which a defendant is being sued, and that this statement of capacity should be included in the caption, the allegations, and the prayer for relief in the complaint. *Mullis v. Sechrest*, 495 S.E.2d 721, 724–25 (N.C. 1998). Such clarity is intended to provide defendants with "an opportunity to prepare a proper defense," and avoids litigation that necessarily arises when the capacity is not clearly specified. *Id.* at 724. The requirements laid out in *Mullis* are mandatory. *White*, 736 S.E.2d at 168–69.

Here, plaintiff fails to meet the above noted mandatory pleading requirements to state a valid individual capacity claim against defendants Matroo and Beausoleil. The caption of the complaint does not indicate that these defendants are being sued in their individual capacity. Beausoleil is not mentioned in the caption at all. No references are contained in plaintiff's prayer for relief indicating that these defendants are being sued in their individual capacities. Because plaintiff's complaint does not meet the mandatory pleading requirements laid out in *White* and *Mullis*, this Court must treat the claims against Officers Matroo and Beausoleil as official

5

capacity claims. Accordingly, defendants' motion to dismiss the individual capacity claims against defendants Matroo and Beausoleil is granted.

### IV. THE CITY OF RALEIGH, RETIRED POLICE CHIEF HARRY DOLAN, AND OFFICERS MATROO AND BEAUSOLEIL'S MOTION TO DISMISS.

The summons issued to retired Police Chief Harry Dolan indicates on its face that it was directed to "6716 Six forks Road, Raleigh NC, 27615." No affidavit of service or other documentation of service of process on Chief Dolan has ever been provided. 6716 Six Forks Road is the RPD Headquarters Building. Chief Dolan retired on October 1, 2012, and was not employed by the City of Raleigh thereafter. Chief Dolan was not a city employee at the time the summons in this action was originally issued, December 27, 2012. Delivery of a summons and complaint addressed to the retired Chief by sending them to his former place of employment is not a valid method of service of process recognized under FED. R. CIV. P. 4 or N.C. Gen. Stat. §1A-1, Rule 4. The motion to extend time for these defendants to respond to the complaint specifically notified plaintiff of the service problem, and yet no new summons has been requested by plaintiff and no proper service on Chief Dolan has occurred. For these reasons, the complaint against Chief Dolan is dismissed for insufficient service of process.

Based solely on the December 28, 2009 encounter between plaintiff and the defendants, plaintiff asserts a *Monell* claim and claims for "general negligence" and negligent training and supervision against the City of Raleigh. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff does not point to any particular deficient policy or unlawful custom, nor does he explain how a particular policy failure caused a deprivation of any constitutional right. Missing from his complaint are any facts sufficient to support the elements of a *Monell* claim.

Here, plaintiff offers only summary legal conclusions in all of his claims against the City. Plaintiff's allegations are no different that the allegations the Supreme Court found to be

6

"nothing more than a 'formulaic recitation of the elements'" of a constitutional claim and, thus inadequate. *Iqbal*, 556 U.S. at 680–81. The only factual allegations plaintiff makes relate to a single incident: the December 28, 2009 execution of a search warrant to draw plaintiff's blood.

To survive a Rule 12(b)(6) motion, a plaintiff making a failure to train claim against a municipality must show that municipal officials were at least deliberately indifferent to the constitutional rights of their citizens. Allegations of mere negligence will not suffice. *Fordham v. Doe*, 2011 WL 5024352 at *5 (E.D.N.C. Oct. 20, 2011) (unpublished). "When alleging an inadequate training policy, a complaint should contain facts revealing: (1) the nature of the training, (2) that the training was a 'deliberate or concious' choice by the municipality, and (3) tha the officer's conduct resulted from said training." *Lewis v. Simms*, 2012 WL 254024 at *3 (D. Md. Jan. 26, 2012).

To establish deliberate indifference in the training context, a plaintiff must present some evidence that the municipality knew of the need to train in a particular area and made a deliberate choice not to take any action. *Bryan Cnty. Comm'rs. V. Brown*, 520 U.S. 397, 407–10 (1997). The plaintiff must point to a specific deficiency and not a general ineffectiveness of training. *Semple v. City of Moundsville*, 195 F.3d 708, 713 (4th Cir. 1999). The plaintiff must establish that the need for more or different training was so obvious, and the inadequacy so likely to result in a constitutional violation, that policymakers can reasonably be said to have been deliberately indifferent to the need. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). The plaintiff must provide factual allegations indicating that deficiency made the occurrence of the actual violation a "reasonable probability rather than a mere possibility." *Semple*, 195 F.3d at 713. As such plaintiff must show a direct causal link between the alleged training deficiency and the actual violation which he experienced. Further a single incident of unconstitutional conduct

7

does not show a consisten municipal policy of inadequate training and therefore is insufficient to support a §1983 action. *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987). Actions that, in hindsight are unfortunate, imprudent, or even grossly negligent are not sufficient to establish deliberate indifference. *Jones v. Wellham*, 104 F.3d 620, 627 (4th Cir. 1997).

Plaintiff has also asserted negligence claims against the City of Raleigh. Unlike vicarious liability, claims of negligent hiring, retention, supervision, or training are grounded in active negligence by the employer. *Braswell v. Braswell*, 40 S.E.2d 897, 903 (1991). To establish such a claim, a plaintiff must prove:

> (1) the specific negligent act on which the action is founded . . . (2) incompetence, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in oversight and supervision, . . . ; and (4) that the injury complained of resulted from the incompetency proved.

*Moricle v. Pilkington*, 462 S.E.2d 531, 533 (1995) (citations and quotations omitted). Plaintiff's burden is high and only cases involving notoriously unsuitable employees or allegations of misconduct repeatedly ignored by an employer have met those elements. *Braswell*, 410 S.E.2d at 903.

Here, plaintiff has not pled a single fact that suggests the City knew of a need to implement any particular policy, incompetence of any of the defendants, or notice thereof. No pattern of unconstitutional or negligent conduct is alleged. No pervasive misconduct is alleged. The complaint does not suggest that the City made a deliberate choice not to act. Plaintiff has failed to allege viable failure to train and viable negligence claims against the City. Accordingly, plaintiff's complaints against the City are dismissed.

An action against officers in their official capacities is simply another way of bringing suit against a municipal employer. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71

8

(1989). Vicarious liability does not apply in these actions brought under 42 U.S.C. §1983. *Monell*, 436 U.S. 658. Plaintiff has made no allegations concerning Officers Matroo and Beausoleil that suggest any form of independent municipal liability. The official capacity claims against the officers are redundant. There is no difference between suing the officers in their official capacities and suing the City itself. *Will*, 491 U.S. at 71. The Fourth Circuit has held that official capacity claims are essentially the same as a claim against the entity, and should be dismissed as duplicative when the entity is also named as a defendant. *See Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004). Accordingly, the claims against Officers Matroo and Beausoleil in their official capacity are dismissed. Defendants' motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are GRANTED. Plaintiffs' claims for relief are hereby DISMISSED. The clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED.

This the 18 day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE